*Wade H. Watson,* for plaintiffs in error.  *H. J. Lawrence,* contra.

---

WARD, executor, *et al. v.* LEGG, trustee.

ATKINSON, J.  1.  The petition as amended was not demurrable on the ground that it failed to allege a cause of action for equitable relief as prayed.

2. The special demurrers to certain paragraphs of the original petition, on the grounds that the allegations were mere conclusions of the pleader, were irrelevant and immaterial, and in one instance that the allegations are merely matters of evidence, are without merit.  The only remaining ground of special demurrer was met by appropriate amendment.

3. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed.  All the Justices concur.*

No. 5967.  FEBRUARY 20, 1928.

Complaint.  Before Judge Perryman.  Lincoln superior court. March 3, 1927.

R. J. Clary executed to Mrs. M. J. Nash a deed to secure a loan of one thousand dollars; and subject to that deed sold the encumbered land to J. W. Spratlin, receiving from Spratlin a purchase-money note for $1950.  The wife of Clary was the daughter of Mrs. M. I. Ward.  At a time when Clary was insolvent he transferred the note, without consideration, to M. I. Ward for the purpose of concealing his assets from his creditors, Ward knowing the purpose of the transfer and colluding in the scheme.  Shortly after such transfer Clary was adjudicated a bankrupt, and Homer Legg was made trustee in bankruptcy.  The trustee instituted a suit against R. J. Clary and his wife and M. I. Ward.  While the action was pending Ward died, and his executor was made party. The original petition as amended alleged all that is stated above, and substantially the following.  The note was paid by Spratlin a few days after Clary was adjudicated a bankrupt, and after payment of the debt to Mrs. Nash.  Ward retained the balance for the benefit of the bankrupt, and refused to pay it over to the trustee after demand.  Clary admitted that he had transferred the note to Ward without consideration to himself, but asserted that Ward

---

Bankruptcy, 7 C. J. p. 265, n. 10.

New Trial, 29 Cyc. p. 832, n. 60.

"as a consideration" therefor had agreed to convey to the wife of Clary described realty. A deed by Ward conveying the realty to Mrs. Clary was actually executed and recorded. In the circumstances the deed to Mrs. Clary was a mere gift by Clary to his wife while he was insolvent, and was made to hinder, delay, and defraud creditors; for which reasons it was void as against creditors. Petitioner is entitled to the excess of the proceeds of the note after paying Mrs. Nash, and to have the realty that was conveyed to Mrs. Clary delivered to petitioner to be administered for the benefit of the creditors. The prayers are, (a) for cancellation of the deed last mentioned, and that the land be decreed to be a part of the bankrupt's estate to be administered for the benefit of creditors; (b) that petitioner have judgment against Ward for $340, with interest, representing the excess of the proceeds of the note after payment of the debt to Mrs. Nash, "said judgment to be credited with the proceeds of the sale of said real estate, if administered by your petitioner as herein prayed."

The defendants filed an answer denying the material allegations of the petition, and alleging specifically that the transactions relating to transfer of the note and conveyance of the realty to Mrs. Clary "were both bona fide transactions, without any intention on the part of defendants to hinder, delay, or defraud creditors of R. J. Clary." At the trial a verdict was returned in favor of the plaintiff for $340, with interest at 7 per cent. from September 24, 1924. The defendant moved for a new trial, solely on the grounds that the verdict was contrary to evidence and without evidence to support it, decidedly and strongly against the weight of the evidence, and contrary to law and the principles of equity and justice.

*Norman & Norman,* for plaintiffs in error.

*Burnside & McWhorter,* contra.